**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**HONEYWELL INTERNATIONAL INC.**

**CIVIL ACTION**

**VERSUS**

**NO. 25-755-JWD-EWD**

**REYNOLDS J. MORAN, JR., RJIM HOLDINGS, LLC, VEC SOLUTIONS, LLC,** *and* **VECTOR ELECTRIC & CONTROLS, INC.**

### RULING AND ORDER

This matter comes before the Court on the *Motion to Stay Proceedings Pending Resolution of Parallel State Court Litigation* ("*Motion to Stay*") (Doc. 21) filed by Defendants Reynolds J. Moran, Jr. ("Moran"), RJIM Holdings, LLC ("RJIM"), VEC Solutions, LLC ("VEC"), and Vector Electric & Controls, Inc. ("Vector") (collectively, "Defendants"). Plaintiff Honeywell International Inc. ("Plaintiff" or "Honeywell") opposes the motion. (Doc. 24.) Defendants filed a reply. (Doc. 26.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' *Motion to Stay* is denied.

### I.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND

#### A.    The State Action

In April 2012, Honeywell contracted Vector to "provide electrical and instrumentation services at Honeywell['s] chemical productions facilities" in Louisiana, including at its facility in Baton Rouge. (Doc. 1 at 5, ¶ 19.)[1] Vector eventually sub-contracted Wholesale Electric Supply Company of Houston Inc. ("Wholesale") "to provide supplies and materials for one or more projects at the Baton Rouge facility" ("the Projects"). (*Id.* at 6, ¶ 21.)

---

[1] The above factual allegations come mostly from the *Complaint* (Doc. 1), but also from the corroborating submissions of the parties. The parties do not dispute the facts necessary to decide the instant motion. (*See* Docs. 21-2, 24, 26.)

In April 2014, Wholesale recorded liens against Honeywell based on Vector's failure to pay Wholesale for supplies and materials. (*Id.* ¶ 22.) Wholesale then sued Honeywell in the 19th Judicial District Court, Parish of East Baton Rouge, inaugurating the "State Action." (*Id.* ¶ 24.) Honeywell filed a third-party demand against Vector, seeking indemnity for the amounts claimed by Wholesale. (*Id.* ¶ 25.) In March 2015, the trial court entered judgment in favor of Wholesale; Honeywell satisfied that judgment. (*Id.* at 7, ¶ 26 (citation omitted).)

In January 2016, Honeywell filed a motion for summary judgment against Vector. (*Id.* ¶ 27.) The trial court granted that motion and entered final judgment ("the Judgment") in the amount of $1,262,531.73, plus continually accruing judicial interest. (*Id.* ¶ 28 (citing Doc. 1-7 at 1–2).) The Judgment has been recorded in East Baton Rouge and Ascension Parishes. (*Id.* ¶ 29 (citing Doc. 1-8).) To date, "Vector has failed to make any payment" on the Judgment. (*Id.* ¶ 30.)

Lastly, as part of the State Action, Vector filed a reconventional demand against Honeywell, (*see* Doc. 21-5 at 2–8), which has since been amended, (*see* Doc. 21-9 at 1–5). Vector alleges breach of contract, bad faith breach of contract, and negligence/gross negligence, and seeks recovery for, *inter alia*, "loss of profit and business impairment/destruction." (*See* Doc. 21-9 at 2, 4–5; *see also* Doc. 24 at 6 (diagramming the State Action).) Vector's reconventional demand remains pending, with a jury trial scheduled for February 2027. (Doc. 21-11 at 1.) According to Honeywell, mediation occurred in March 2026 but concluded unsuccessfully. (*See* Doc. 44 at 4.)

### B.    The Federal Action

In August 2025, Honeywell brought the instant action ("the Federal Action") in order "to enforce, and [to] collect on" the Judgment. (Doc. 1 at 1–2, ¶ 1.)[2] Honeywell alleges, *inter alia*, that

---

[2] A federal action to enforce a state court judgment is rare but not unprecedented. *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 122 (2d Cir. 2017); *accord Bravia Cap. H.K. Ltd. v. SL Green Realty Corp.*, No. 24-2296, 2025 WL 1865918, at *3 (S.D.N.Y. July 3, 2025) ("Suing on a state court judgment as a cause

2

Vector's owner and president, Defendant Moran, formed Defendants RJIM and VEC and improperly transferred assets from Vector to these entities, including and especially after Honeywell filed its third-party demand against Vector in the State Action. (*See id.* at 8–10, ¶¶ 32–43 (citations omitted).) Thus, Honeywell says, Defendants are solidarily liable for the amount of the Judgment under theories of single business enterprise ("SBE") and piercing the corporate veil. (*Id.* at 2, ¶ 2; *see also id.* at 10–13, ¶¶ 44–68.)[3]

Invoking *Colorado River* abstention, Defendants request that this Court stay the Federal Action pending resolution of the State Action (i.e., Vector's reconventional demand). (Doc. 21-2 at 3–5 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).)

## II.    *COLORADO RIVER* ABSTENTION

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," hence the general rule that "the pendency of an action in the state court is no bar to

---

of action in a federal court having an independent source of subject matter jurisdiction is a seldom-used but well-recognized procedure." (citations omitted)); 18B *Wright & Miller's Federal Practice & Procedure* § 4469 (3d ed. 2026) ("The most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is brought for that purpose.").

"[T]he holder of a state-court judgment seeking to have it enforced in federal court must fall back upon the traditional, if rather cumbersome, strategy of bringing a civil action on the state-court judgment by invoking, for example, the diversity jurisdiction of the federal court." *Caruso v. Perlow*, 440 F. Supp. 2d 117, 119 (D. Conn. 2006); *accord Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 753 & n.16 (E.D. Va. 2012) ("In the federal courts, 'a judgment of a state court may be sued on as a cause of action in a federal court having jurisdiction.'" (quoting 50 C.J.S. *Judgments* § 1368 (2012))); *Pereira v. N.Y.C. Dep't of Just.*, No. 24-5320, 2024 WL 4953959, at *2–3 (S.D.N.Y. Dec. 2, 2024) ("The proper avenue to enforce a state court judgment in federal court is to bring a claim under state law of which the federal court has an independent source of jurisdiction, such as diversity of citizenship jurisdiction."); *see also Maner v. Maner*, 412 F.2d 449, 450–51 (5th Cir. 1969) (agreeing with the district court that the state court judgment "[wa]s final and entitled to enforcement under the doctrine of full faith and credit"). Here, Honeywell avers that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 3–5, ¶¶ 5–17.) Defendants have not disputed this claim. (*See* Doc. 24 at 2 n.3 (citing Doc. 1 at 4–5, ¶¶ 10–17); *see also* Docs. 21-2, 26.)

[3] The Court notes that SBE and piercing the corporate veil are theories for imposing liability. *See, e.g.*, *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 2016-506 (La. App. 5 Cir. 3/29/17), 216 So. 3d 287, 298 ("The single business enterprise doctrine is a theory for imposing liability where two or more business entities act as one." (citation omitted)); *Mathes Brierre Architects v. Karlton/ISG Enters., LLC*, 2019-0357 (La. App. 4 Cir. 12/3/20), 311 So. 3d 532, 542 n.10 ("Although Mathes pled the alter ego theory of veil piercing, piercing the corporate veil is not itself an independent cause of action, but rather is a means of imposing liability on an underlying cause of action." (cleaned up)). Here, Honeywell brings an action on the Judgment. (*See, e.g.*, Doc. 21-2 at 5; Doc. 24 at 6.)

3

proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River*, 424 U.S. at 817 (cleaned up). Abstention is therefore exceptional. *Id.* at 813; *accord Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (citing, *inter alia*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). Indeed, the Fifth Circuit has advised that, when deciding whether *Colorado River* abstention is warranted, federal courts must be mindful of the "heavy thumb on the scale in favor of exercising federal jurisdiction." *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (citation omitted).

Still, a federal court "may choose to abstain, awaiting the conclusion of state-court proceedings in a parallel case, based on principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Colo. River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952))). What emerges, then, is a two-step inquiry.

First, the federal court asks whether the relevant state and federal proceedings are "parallel." *Afr. Methodist Episcopal*, 756 F.3d at 797 (citing *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997)). "Parallel" actions are "those 'involving the same parties and the same issues,'" although the Fifth Circuit has observed that not every instance requires a "'mincing insistence on precise identity' of parties and issues." *Id.* (quoting *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (per curiam)); *see, e.g.*, *id.* ("[Courts] look both to the named parties and to the substance of the claims asserted in each proceeding."); *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) ("'Parallel actions' typically involve the same parties, but the identity of the parties is not determinative." (citation omitted)). Principally, the "parallelism" inquiry considers "whether the state proceeding w[ill] be dispositive of a concurrent federal proceeding."

4

*See, e.g.*, *Air Evac EMS*, 851 F.3d at 520 (citation omitted); *Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 543 (S.D. Tex. 2017) ("The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action." (quotation omitted)); *Cook v. Marshall*, 645 F. Supp. 3d 543, 554 (E.D. La. 2022) ("In this analysis, the central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." (quotation omitted)), *aff'd*, 126 F.4th 1031 (5th Cir. 2025).

> If the state and federal proceedings are parallel, the court next considers six factors:
>
> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Aptim*, 888 F.3d at 135–36 (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)); *see also Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) ("But '[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination.'" (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988))). These factors do not form "a mechanical checklist"; rather, abstention depends on "a careful balancing of the[se] important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

### III.  PARTIES' ARGUMENTS

#### A.    Defendants' *Motion to Stay* (Doc. 21)

According to Defendants, the Federal Action arises out of Honeywell's mismanagement of the Projects and subsequent "refus[al] to negotiate in good faith" with Defendant Vector, which refusal left Vector "unable to pay its suppliers, including Wholesale." (Doc. 21-2 at 3.) Vector emphasizes that (1) the State Action is more than 11 years old; (2) Vector's reconventional demand

is still pending, with trial set for February 2027; and (3) Honeywell's answer to the reconventional

demand includes the affirmative defense of offset. (*Id.* at 4–5 (citing Doc. 21-6 at 5).)

Defendants argue that "this case presents the extraordinary circumstances necessary" for

*Colorado River* abstention.[4] (*Id.* at 6–7.) First, Defendants assert that "[b]oth the state and federal

lawsuits arise from the same nucleus of operative facts." (*Id.* at 8.) Second, Defendants say, the

State Action "can dispose of all claims that have been raised" in the Federal Action. (*Id.* (emphasis

omitted).) Defendants reiterate that Vector's reconventional demand remains pending; they add

that the damages which Vector seeks "far exceed the amount of Honeywell's judgment against

Vector." (*Id.* at 8–9.) Thus, "[i]f Vector prevails at trial, its debt to Honeywell will be satisfied as

an offset against the amounts that Honeywell will owe to Vector." (*Id.* at 9.)

In the Federal Action, "Honeywell's only objective" is to enforce the Judgment. (*Id.*) The

addition of other parties—Moran, RJIM, and VEC—"does not necessarily preclude a finding" that

the State Action and the Federal Action are parallel. (*Id.* (citing *Caminiti & Iatarola, Ltd. v. Behnke

Warehousing, Inc.*, 962 F.2d 698 (7th Cir. 1992)); *see also id.* at 10 (collecting cases).) Even if

Honeywell prevails here, it will "merely establish[] derivative liability for the identical debt owed

by Vector." (*Id.*) And again, the State Action "could offset or eliminate" that debt. (*Id.* at 11.)

**B.        Honeywell's *Opposition* (Doc. 24)**

Honeywell responds that its claims in the Federal Action "are wholly distinct from the

claims pending" in the State Action. (Doc. 24 at 1.) Thus, Honeywell says, "Defendants cannot

---

[4] Defendants also note that federal district courts have inherent power to stay proceedings. (Doc. 21-2 at 6 (citing *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).) But Defendants do not recite the criteria for such a stay, much less analyze whether one is proper here. *See, e.g.*, *League of Women Voters of La. v. Landry*, No. 25-413, 2025 WL 3516786, at *2–3 (M.D. La. Dec. 8, 2025) (deGravelles, J.) (citing, *inter alia*, *Magana v. Shore Constr., LLC*, No. 17-1896, 2017 WL 2911353, at *3 (E.D. La. July 6, 2017)); *see also Kiser v. Moyal*, No. 23-464, 2024 WL 4229936, at *19 (M.D. La. Sept. 18, 2024) (Dick, C.J.) (discussing *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674 (5th Cir. 1973)); *Morvant v. Md. Cas. Co.*, No. 14-226, 2014 WL 2739423, at *7 (E.D. La. June 17, 2014) (citing *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013)) ("The Court is not convinced by defendants' attempted end-run around the *Colorado River* abstention doctrine.").

satisfy the 'threshold' requirement" for *Colorado River* abstention (i.e., parallelism). (*Id.* at 1–2.) Honeywell adds that there is "no risk of irreconcilable rulings between the lawsuits." (*Id.* at 2.)

According to Honeywell, parallel proceedings are those involving "the same parties and same issues." (*Id.* at 3–4 (cleaned up).) Here, Honeywell says, the proceedings are not parallel. (*See id.* at 6.) Wholesale was a party to the State Action but is not a party to the Federal Action. (*Id.*) Moran, RJIM, and VEC are parties to the Federal Action but not to the State Action. (*Id.*) In the State Action, only Vector's contract- and tort-based claims are still pending. (*Id.* at 6–7.) By contrast, *Honeywell* brought the Federal Action—against Vector and its alleged alter egos. (*Id.* at 7.) The Federal Action "does not duplicate *any* claims pending" in the State Action. (*Id.*; *see also id.* at 8.) Rather, it "provides a vehicle for enforcement of the Judgment against *new* parties using *newly-asserted* legal theories." (*Id.* at 7.)

Honeywell argues that a ruling in its favor in the Federal Action would, "[a]t worst, . . . be *inconvenient* for Defendants," in that it may require Moran, RJIM, and/or VEC "to contribute to the Judgment before Vector is able to potentially recover" in the State Action. (*Id.* at 13.)

### C.     Defendants' *Reply* (Doc. 26)

Defendants contend that the thrust of Honeywell's *Complaint* "undercuts" its claim that the parties are not the same between suits. (Doc. 26 at 2.) That is, if Honeywell's allegations are well-founded—if Defendants "are actually the same entity"—then Honeywell cannot now insist that the addition of Moran, RJIM, and/or VEC precludes a finding of parallelism. (*Id.*) Defendants then reiterate that parallelism is a "flexible" standard, focused mainly on whether the state court action will "necessarily dispose of all claims asserted."[5] (*Id.* at 3 (quoting *Afr. Methodist*

---

[5] Mere pages later, Defendants reframe the inquiry, asking whether there is "a substantial likelihood that the state proceeding *can* resolve the core controversy." (*Id.* at 5 (emphasis in original) (citing *Caminiti & Iatarola*, 962 F.2d at 700; *Afr. Methodist Episcopal*, 756 F.3d at 798); *see also id.* at 6 (repeating the argument, again relying on *African Methodist Episcopal Church v. Lucien*, 756 F.3d at 798).) The Court will discuss the proper inquiry, *infra*.

*Episcopal*, 756 F.3d at 798).) They argue that, because both actions arise out of the Projects and "the same allegations of misconduct and resulting liabilities," the issues are substantially similar. (*Id.* at 4.) Defendants also assert that whether the transfers to RJIM and VEC were fraudulent is a question "squarely before the state court." (*Id.* at 5 (citing Doc. 21-9 at 4–5); *accord id.* at 7.)

Lastly, Defendants repeat that, if Vector prevails in the State Action, then "that success w[ill] eliminate (*via* offset) the very debt [which] Honeywell seeks to enforce here." (*Id.* at 5–6.)

## IV.   DISCUSSION

As mentioned above, the threshold inquiry is whether the State and Federal Actions are parallel. Honeywell and Defendants apparently agree that the State and Federal Actions do not involve the exact same parties and issues. And in the Court's view, the issues are so unrelated that the question of parallelism "is not even a close one." *See, e.g.*, *RepublicBank*, 828 F.2d at 1121; *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (per curiam). But the Court is mindful of the Fifth Circuit's position that "precise identity" is not always necessary, and so here the Court has looked carefully at both "the named parties and . . . the substance of the claims asserted" in the State and Federal Actions, with an eye toward whether there exists a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *See Afr. Methodist Episcopal*, 756 F.3d at 797 n.36 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)). Even without a "'mincing insistence on precise identity' of parties and issues," the Court nevertheless concludes that the State and Federal Actions are not parallel. *See id.* at 797 (quoting *RepublicBank*, 828 F.2d at 1121).

The Court tends to agree with Defendants that, here, "the identity of the parties is not determinative," particularly because the Federal Action is premised, in large part, on Honeywell's theory that Moran, RJIM, and VEC are merely Vector's alter egos. *See Air Evac EMS*, 851 F.3d

8

at 520 (citing *Afr. Methodist Episcopal*, 756 F.3d at 797). Even if these three Defendants are technically new, Honeywell does not seriously contend that there are more than "two sides in this dispute." *See Afr. Methodist Episcopal*, 756 F.3d at 798; *see also Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) ("Parties with 'nearly identical' interests are considered 'substantially the same' for *Colorado River* purposes." (quoting *Caminiti & Iatarola*, 692 F.2d at 700–01)).

Instead, the instant "parallelism" inquiry turns on whether the issues raised in the State and Federal Actions are substantially similar. Again, the question is not close: "[A]lthough both cases involve the same underlying episode . . . , they concern independent wrongs," which will seemingly require separate proof. *See Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *see also Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251–52 & n.16 (5th Cir. 2005) ("[T]he federal and state proceedings are not parallel. . . . [T]he state action does not encompass Zurich's claim for restitution."); *Brook-Hollow Cap., LLC v. Garcia Law Grp., PLLC*, No. 24-466, 2026 WL 482886, at *4 (S.D. Tex. Feb. 20, 2026) ("The existence of some common issues and the same subject matter does not suffice."); *Parada v. Sandhill Shores Prop. Owners Ass'n, Inc.*, 604 F. Supp. 3d 567, 581 (S.D. Tex. 2022) ("It is true that the general subject matter of the two actions is the same at a broad level of abstraction, but the other issues are disparate . . . ."); *Byrd v. Norman*, No. 16-563, 2017 WL 1505122, at *6 (M.D. La. Apr. 10, 2017) ("The fact that both suits purportedly involve the same underlying accident does not dictate a finding that the two suits are parallel."), *report and recommendation adopted*, 2017 WL 1528742 (M.D. La. Apr. 25, 2017).

Honeywell has already obtained a final judgment in its favor (i.e., the Judgment). (*See* Doc. 21-8 at 1–3.) It has brought the Federal Action in order to enforce that final judgment against Defendants. What remains of the State Action is *Vector's* reconventional demand, *viz.*, Vector's

contract- and tort-based claims against Honeywell. (*See* Doc. 21-9 at 2, 4–5.) Between the State and Federal Actions, the parties' roles reverse. And although, broadly speaking, Honeywell's and Vector's respective claims do arise out of their dispute over the Projects, it is more accurate to say that Honeywell's claims arise out of the entry of final judgment in Honeywell's favor in the State Action. Regardless, Honeywell's and Vector's respective claims do not overlap, except to the extent that both sets of claims may result in money damages. *See Chesapeake Operating, Inc. v. Whitehead*, No. 10-301, 2010 WL 5464204, at *4 (S.D. Tex. Dec. 29, 2010) (determining that the actions were not parallel, in large part because (1) Chesapeake's role switched between actions, and (2) the federal action "thus involve[d] claims that [we]re not present in the state court action"). The state court must decide whether Honeywell owes Vector money damages for Vector's contract- and tort-based claims. This Court must decide whether the separate, final judgment in Honeywell's favor is enforceable against one or more of Vector's alleged alter egos.

Further, the Court determines that, in this instance, the State Action is not substantially likely to dispose of the claims asserted in the Federal Action. Preliminarily, the Court expresses strong reservations about Defendants' recitation of the relevant standard. Defendants insist that, in *African Methodist Episcopal Church v. Lucien*, the Fifth Circuit asked only whether there exists a "'substantial likelihood' [that] the state action *can* resolve the core controversy." (Doc. 26 at 6 (emphasis added) (quoting *Afr. Methodist Episcopal*, 756 F.3d at 797–98 & n.36 (quoting *Lumen Constr.*, 780 F.2d at 695)); *accord id.* at 5 (citing *Caminiti & Iatarola*, 962 F.2d at 700).) But the language of *African Methodist Episcopal* belies Defendants' assertion. In that case, the Fifth Circuit reasoned that the relevant state and federal actions were "sufficiently parallel" because the state action "*w[ould] necessarily* dispose of all claims asserted . . . in the federal action." 756 F.3d at 798 (emphasis added); *see also id.* at 797 n.36 ("In analyzing whether a dismissal or stay will

further the interest in avoiding piecemeal litigation, we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation *will* dispose of all claims presented in the federal case." (emphasis added) (quoting *Lumen Constr.*, 780 F.2d at 695)).

"Would" is not the same as "could," nor is "necessarily" synonymous with "possibly."[6] Defendants have not directed the Court to a single case where the Fifth Circuit has softened the relevant standard. *See Air Evac EMS*, 851 F.3d at 520 ("[A] court may 'look both to the named parties and to the substance of the claims asserted' to determine whether the state proceeding *would* be dispositive of a concurrent federal proceeding." (emphasis added) (quoting *Afr. Methodist Episcopal*, 756 F.3d at 797)); *see also Chesapeake*, 2010 WL 5464204, at \*4 ("Even if the state court litigates all of Cash Flow's claims, there is a chance [that] Chesapeake's claims will not be litigated and disposed of in state court."). And for its part, this Court is aware of none.

As well, the Court notes that the Supreme Court has required a substantial likelihood "that the parallel state-court litigation *will* be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28 (emphasis added). Where there is doubt as to whether the state court action will dispose of the claims asserted in the federal action, "it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.* "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court *will* have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.* (emphasis added) (citing 17 *Wright & Miller's Federal Practice & Procedure* § 4247 (1978)); *see also Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 841 (9th Cir. 2023) ("When one possible outcome of parallel state court proceedings is continued federal litigation, we find a 'substantial doubt' that the state court action will provide a 'complete and prompt resolution of the issues,' because the court may

---

[6] *See also Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 840–41 (9th Cir. 2023) ("[W]here one of two possible state court rulings would necessitate additional litigation in a parallel federal case, a *Colorado River* stay c[annot] issue.").

well have something 'further to do.'" (quoting *Moses H. Cone*, 460 U.S. at 28)); 17A *Wright & Miller's Federal Practice & Procedure* § 4247 (3d ed. 2026) ("The expectation when [*Colorado River*] abstention is invoked is that the controversy will be resolved in the state court proceeding, and that if the party returns to federal court after the state court action is over, the most that will be needed is to dispose of the federal suit on principles of res judicata or collateral estoppel.").

The Court is aware that, at a minimum, the Seventh Circuit has applied *Colorado River* abstention where there is only a *possibility* that the state court action will dispose of the federal action. *See, e.g.*, *Caminiti & Iatarola*, 962 F.2d at 701; *see also Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 645–46 (7th Cir. 2021) ("We do not read *Moses Cone* as establishing rigid criteria for stay orders."). *But see, e.g.*, *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592–93 (7th Cir. 2005) ("Any doubt regarding the parallel nature of the state court suit should be resolved in favor of exercising jurisdiction." (cleaned up)). The Court also acknowledges that the Fifth Circuit's caselaw on the subject of parallelism sometimes references the Seventh Circuit's. *See, e.g.*, *Afr. Methodist Episcopal*, 756 F.3d at 797 (citing *Lumen Constr.*, 780 F.2d at 695).

Nevertheless, the Court is bound to follow Supreme Court and Fifth Circuit jurisprudence, and both speak in terms of certainty: "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court *will* have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 28 (emphasis added); *see Afr. Methodist Episcopal*, 756 F.3d at 797–98 ("[T]he eviction proceeding *will necessarily* dispose of all claims asserted by AME in the federal action." (emphasis added)); *Air Evac EMS*, 851 F.3d at 520 ("[A] court may 'look both to the named parties and to the substance of the claims asserted' to determine whether the state proceeding *would* be dispositive of a concurrent federal proceeding." (emphasis added) (quoting *Afr. Methodist Episcopal*, 756 F.3d at 797)); *see also*

*Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (requiring that district courts follow the standards articulated in *Colorado River* and *Moses H. Cone*, and reiterating that abstention is exceptional). And given the narrowness of *Colorado River* abstention, the Court simply cannot agree with Defendants that the standard for parallelism is so relaxed as to be satisfied by the sheer possibility that one party's success in a state action may moot the disparate claims of another party, brought in a federal action.[7] *See RepublicBank*, 828 F.2d at 1121 (noting that a "mincing insistence on precise identity" may not always be necessary but nevertheless defining "parallel" actions as "those 'involving the same parties and the same issues'").

In any event, here, the State Action will not "necessarily dispose of all claims asserted in the Federal Action," nor, in the Court's view, can it possibly do so in a way that establishes parallelism. *See Afr. Methodist Episcopal*, 756 F.3d at 798. Defendants tacitly concede that, if Vector does not prevail in the State Action, then it will still owe the amount of the Judgment to Honeywell, and this Court will still be required to determine whether the Judgment is enforceable against one or more of Vector's alleged alter egos. And even if Vector does prevail in the State Action, Vector's functionally wiping out its present debt to Honeywell is not—in this context— the same as disposing of Honeywell's action to enforce an already-rendered final judgment and to hold Vector's alleged alter egos liable therefor. *See, e.g.*, *id.* at 797–98 (looking "both to the named parties and to the *substance of the claims* asserted in each proceeding" (emphasis added)).

Finally, Defendants assert that the legitimacy of Vector's asset transfers is an issue "squarely before the state court." (Doc. 26 at 5; *see also id.* at 7.) But Defendants do not expound or substantiate this statement. And as far as the Court can tell, the issue is at least one step removed

---

[7] Even the case on which Defendants rely most heavily—*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*— concerned substantially overlapping claims brought in the relevant state and federal proceedings. *See* 962 F.2d at 701 ("The basic issue that must be decided in either court is whether C & I performed any legal services for BWI separate and distinct from those it performed for the estate.").

from the State Action, which concerns only Vector's contract- and tort-based claims against Honeywell. (*See* Docs. 21-5, 21-9.) Even if the state court must resolve whether Honeywell is liable for business destruction, it does not follow that the state court must—or will, or can—reach the question of whether Vector fraudulently transferred assets to its alleged alter egos in order to avoid paying its current debt to Honeywell. (*See* Doc. 26 at 5, 7.)

The Court re-emphasizes its "virtually unflagging obligation" to exercise jurisdiction. *Colo. River*, 424 U.S. at 817. Given this obligation, the Court must resolve any doubt about parallelism against granting a stay. *See Moses H. Cone*, 460 U.S. at 28; *TruServ Corp.*, 419 F.3d at 592–93; *see also Air Evac EMS*, 851 F.3d at 521 ("And, most especially, the exceptional nature of federal abstention cuts in favor of jurisdiction."). Here, Defendants cannot establish that the State and Federal Actions are parallel. Across actions, the claims are not substantially similar; they do not even overlap. Nor is there a substantial likelihood that the State Action will dispose of the claims which Honeywell asserts in the Federal Action. Because the threshold requirement of parallelism is not satisfied, the Court "must exercise jurisdiction." *See Stewart*, 438 F.3d at 491 n.3 (citing *RepublicBank*, 828 F.2d at 1121). It is unnecessary to advance to the six factors. *See, e.g.*, *Air Evac EMS*, 851 F.3d at 521; *Am. Guarantee*, 408 F.3d at 251 & n.16.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Stay Proceedings Pending Resolution of Parallel State Court Litigation* (Doc. 21) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 26, 2026.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

14